HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE OCEAN ALEXANDER INVESTMENTS, INC., <br><br> Debtor, <br><br> JEROME SHULKIN & SHULKIN HUTTON INC., <br><br> Appellants, <br><br> v. <br><br> TERRENCE BENISH, <br><br> Appellee. | CASE NO. C13-2328 RAJ <br><br> BANKR. NO. 11-10628 KAO <br><br> ORDER |

    This matter comes before the court on a bankruptcy appeal filed by counsel for the debtor, Jerome Shulkin and Shulkin Hutton Inc., P.S. (collectively, "Shulkin"). Dkt. # 6. As a preliminary matter, Shulkin's opening and reply briefs are incoherent, difficult to follow, and violate the Federal Rules of Bankruptcy Procedure ("FRBP"). Although Shulkin identifies ten issues on appeal, Shulkin's argument fails to "contain the

ORDER - 1

contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." FRBP § 8010(a)(1)(E). The court could dismiss the appeal for violation of the FRBP, particularly where it is counsel for debtor who has appealed the underlying bankruptcy case. *See Morrissey v. Stuteville*, 349 F.3d 1197, 1189-90 (9th Cir. 2003) (no abuse of discretion for dismissing bankruptcy appeal for egregious non-compliance with non-jurisdictional procedural requirements). As Mr. Shulkin indicates, he has been practicing law for thirty-five years, and should be able to follow basic rules of procedure.

However, there is another basis for dismissing this appeal. Shulkin does not have prudential standing to appeal the underlying bankruptcy decision.[1]

Constitutional[2] and prudential standing are threshold issues in all federal cases that must be satisfied before the court can exercise jurisdiction. *Warth v. Seldin*, 542 U.S. 1, 11 (2004). Prudential standing requires a plaintiff to (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interest protected or regulated by the statute or constitutional guarantee in question. *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987). The court must also consider prudential appellate standing, which involves limitations on standing to appeal in bankruptcy proceedings. *See In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012). Prudential appellate standing requires that a party be directly and adversely affected by the order of the bankruptcy court—that it diminish the appellant's property, increase its burdens, or detrimentally affect its rights. *Id.* Courts have called

---

[1] The court notes that it could have also dismissed the appeal on a number of other grounds, including, but not limited to, failure to timely appeal the confirmation order and the disallowance order, among others.

[2] The court only addresses prudential standing in light of the basic policy of federal courts against unnecessary determination of constitutional issues. *Hong Kong Supermarket*, 830 F.2d at 1081.

appellate standing the "person aggrieved" test. *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983). Under the "person aggrieved" test, there are three additional requirements: (1) appellant had adequate notice of the bankruptcy court proceedings; (2) appellant objected to the request for relief leading to the order appealed; and (3) appellant appeared at the hearing on the requested relief. *See In re Commc'n W. Fin. Corp.*, 761 F.2d 1329, 1335 (9th Cir. 1985) ("even though we agree that attendance and objection should usually be prerequisites to fulfilling the 'person aggrieved' standard, the Trustee's failure to give the investors proper notice that the plan avoided their security interests excuses them from fulfilling these prerequisites in the instant case.").

Shulkin identifies the following issues: (1) whether his November 14, 2011 submission of an "administrative claim" was in fact an administrative claim in a separate class from general creditors; (2) whether the plan administrator, Terrence Benish, was ordered to be a trustee in the bankruptcy case; (3) whether the plan administrator, via his counsel, Michael Feinberg, and/or his bonding agent, have been identified as "Receiver" and "Trustee"; (4) whether the allegations of Terrence Benish support and justify his claim for fees; (5) whether the claims for fees for Michael Feinberg and Thomas Lerner were supported by their claims of knowledge and experience; (6) whether Shulkin should have been treated as a late filed creditor of the Debtor's estate; (7) whether the US Trustee fulfilled its obligations under the Bankruptcy Code; (8) whether the plan properly designated and placed all like creditors in the same class; (9) whether the plan and the pleadings in support of confirmation met the requirements of the Bankruptcy Code; and (10) whether the orders of the bankruptcy court that allowed and approved claims and payments violated the Bankruptcy Code.

Except with respect to the first and sixth issues, Shulkin has not asserted his own rights, but, rather, relies on rights or interests of the underlying Debtor or alleges generalized grievances. Accordingly, Shulkin does not have prudential standing to address issues two through five and seven through ten.

With respect to the first and sixth issues, they appear to address the same bankruptcy order. On November 14, 2011, Shulkin filed a motion to seek allowance of his alleged administrative claim in the amount of $16,974.30. Dkt. # 9-4 at 56-84 (Ex 17, App. 165-93). However, the last day to file a motion for allowance of administrative expense claim was October 13, 2011. Dkt. # 9-3 at 26 (Ex. 10, App. 76). Accordingly, on December 28, 2011, the bankruptcy court entered an order disallowing Shulkin's administrative expense claim as untimely. Dkt. # 9-4 at 96 (Ex. 20, App. 205). Rather than disallow the claim completely, however, the bankruptcy court allowed the claim as a late-filed unsecured claim. *Id.* Thus, it appears that Mr. Shulkin is appealing this December 28, 2011 order that affects his pecuniary interest. This bankruptcy order that denied Shulkin's fee application constituted a final decision under 28 U.S.C. § 158(a). *In re Lakeshore Village Resort, Ltd.*, 81 F.3d 103, 105 (9th Cir. 1996); 28 U.S.C. § 158(a) (district courts have jurisdiction to hear appeals from final judgment, orders, and decrees of the bankruptcy court). However, Shulkin did not appeal or object to that order, despite having notice of it, until December 30, 2013, two years later, when he filed this appeal. *See In re Commc'n W. Fin. Corp.*, 761 F.2d at 1335. Accordingly, Shulkin cannot satisfy the "person aggrieved" standard, and therefore lacks prudential appellate standing.

For all the foregoing reasons, the court DISMISSES the appeal because Shulkin lacks prudential standing.

Dated this 1st day of July, 2014.

The Honorable Richard A. Jones
United States District Judge